615 A.2d 432

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Jeffrey HANAWALT, Appellant.**

Superior Court of Pennsylvania.

Argued June 17, 1992.

Filed Oct. 27, 1992.

Gerald P. Deady, Wilkes–Barre, for appellant.

Scott Gartley, Asst. Dist. Atty., Wilkes–Barre, for Com.

Before ROWLEY, President Judge, and HUDOCK and BROSKY, JJ.

HUDOCK, Judge:

This is an appeal from the order denying Appellant Jeffrey Hanawalt's Motion in Limine. For the reasons which follow, we vacate the order of the trial court and remand for proceedings consistent with this opinion.

The facts and procedural history are as follows: On February 8, 1990, Appellant picked up his four-year-old daughter at approximately 8:00 a.m., and returned her to her mother at Noon the same day. Upon returning home, the child complained to her mother that her bottom hurt. The mother made an appointment with the child's doctor for the following day; however, because the child continued to complain about the pain and began crying, the mother took her to see the doctor at 2:30 p.m. that afternoon.

A physical examination performed on the child by Dr. Jean Tory revealed that there were two bruises, one on each side of the top of the buttocks. The examination further revealed a very marked redness in and around the vaginal area. The vagina was shiny, caused by swelling, and there were red striations at the opening of the vagina. There were no markings or redness on the inside of the thighs or on the buttocks area. A slight amount of mucus was found on the outside of the vagina. When Dr. Tory questioned the child, in the presence of her mother, about what had happened, she responded: "My daddy stuck his pee pee in my pee pee." On February 12, 1990, the child and her mother were interviewed by Trooper William J. Bevan, Jr. of the Pennsylvania State Police, Wyoming, Pennsylvania. During this interview, the

child stated, "My daddy stuck his pee pee in my pee pee. Then he peed on me."

Subsequently, Appellant was charged with rape,[1] statutory rape,[2] indecent assault[3] and incest.[4] A preliminary hearing was held on April 3, 1990. At the conclusion of the preliminary hearing, Appellant was bound over for trial on all charges. The case was scheduled for trial in February 1991. Prior to trial, Appellant filed a motion in limine which sought to preclude the Commonwealth from introducing the statements made by the child. On February 19, 1991, the court conducted an in-camera examination of the child, first with Appellant present and then, with Appellant's waiver of his right to be present, outside the presence of Appellant. In both instances, the child would not repeat her prior statements. At the conclusion of the proceeding, the trial court determined that the child was incompetent to testify and therefore unavailable as a witness.[5] On March 1, 1991, the trial court denied Appellant's motion in limine and ruled that the Commonwealth would be allowed to introduce the hearsay statements of the child pursuant to 42 Pa.C.S. § 5985.1 (Purdon Supp.1992) (Tender years exception to the hearsay rule), *infra.* On March 28, 1991, the trial court amended its order to include a statement that it was of the opinion that its order denying Appellant's motion in limine involved a controlling question of law to which there was substantial grounds for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate determination of the matter. Subsequently, Appellant petitioned this Court for allowance to appeal from the amended order, which was

1. 18 Pa.C.S. § 3121(4) (Purdon Supp.1992).

2. 18 Pa.C.S. § 3122 (Purdon 1983).

3. 18 Pa.C.S. § 3126(a)(3) (Purdon Supp.1992).

4. 18 Pa.C.S. § 4302 (Purdon Supp.1992).

5. Although the parties do not contest the unavailability of the child on appeal, we note that the trial court properly determined that when a child is incompetent to testify, he is unavailable as a witness. There is no distinction between unavailability due to lack of presence and unavailability due to incompetence. In both cases the lips of the child are equally sealed.

granted August 2, 1991. It is this appeal which is now before the Court.

■ The sole issue on appeal is whether 42 Pa.C.S. § 5985.1 (which provides that the hearsay statements of a child sexual abuse victim or witness who is twelve years of age or younger are admissible if, *inter alia,* the victim is unavailable) violates the defendant's right to confront and cross-examine witnesses pursuant to the Pennsylvania and United States Constitutions. We find it does not.

■ 42 Pa.C.S. § 5985.1 specifically provides:

**(a) General rule.**—An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing indecent contact, sexual intercourse or deviate sexual intercourse performed with or on the child by another, not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal proceeding if:

(1) The court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability.

(2) The child either:

(i) testifies at the proceeding; or

(ii) is unavailable as a witness and there is corroborative evidence of the act.

**(b) Notice required.**—A statement otherwise admissible under subsection (a) shall not be received into evidence unless the proponent of the statement notifies the adverse party of the proponent's intention to offer the statement and the particulars of the statement sufficiently in advance of the proceeding at which the proponent intends to offer the statement into evidence to provide the adverse party with a fair opportunity to prepare to meet the statement.

Initially, we note that a statute is presumed constitutional when it is lawfully enacted and will only be considered unconstitutional if it clearly, palpably and plainly violates the constitution. *Commonwealth v. Leib,* 403 Pa.Super. 223, 234, 588

A.2d 922, 928 (1991), *alloc. den.,* 528 Pa. 642, 600 A.2d 194. Furthermore, a party challenging the constitutionality of an act of the General Assembly has a "heavy burden" of persuasion to sustain his claim. *Bethenergy Mines, Inc. v. W.C.A.B.,* 524 Pa. 235, 239, 570 A.2d 84, 86 (1990).

The Confrontation Clause of the Sixth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, provides, "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). Likewise, the Pennsylvania Constitution provides that in all criminal prosecutions the accused has a right to meet the witnesses against him "face to face". Pa. Const. Art. 1 § 9 (Purdon Supp.1992).

Although a literal reading of the constitutional provisions would prohibit all hearsay statements, the Supreme Court of the United States has rejected that view as "unintended and too extreme." *Idaho v. Wright,* 497 U.S. 805, 814, 110 S.Ct. 3139, 3145, 111 L.Ed.2d 638, 651 (1990). The Confrontation Clause, however, does operate to bar the admission of some evidence that would otherwise be admissible under an exception to the hearsay rule. *Idaho v. Wright,* 497 U.S. at 814, 110 S.Ct. at 3145, 111 L.Ed.2d at 651. In *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), the Supreme Court framed a general rule to determine when hearsay statements, admissible under an exception to the hearsay rule, also satisfy the requirements of the Confrontation Clause. The Supreme Court subsequently summarized the rule in *Idaho v. Wright, supra,* as follows:

> We noted[, in *Ohio v. Roberts,*] that the Confrontation Clause "operates in two separate ways to restrict the range of admissible hearsay." ... "First, in conformance with the Framers' preference for face-to-face accusation, the Sixth Amendment establishes a rule of necessity. In the usual case ..., the prosecution must either produce or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant." ... Second, once a

witness is shown to be unavailable, "his statement is admissible only if it bears adequate 'indicia of reliability.' Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness." (Citations omitted.)

*Idaho v. Wright*, 497 U.S. at 815–16, 110 S.Ct. at 3146, 111 L.Ed.2d at 651–652. Thus, when a witness is unavailable, in order for the evidence to be in accord with the Confrontation Clause and meet the "indicia of reliability" standard, the hearsay statement must either fall within a firmly rooted hearsay exception or it must be supported by a showing of particularized guarantees of trustworthiness.

Firmly rooted hearsay exceptions satisfy the Confrontation Clause mandate of reliability "because of the weight accorded longstanding judicial and legislative experience in assessing the trustworthiness of certain types of out-of-court statements." *Id.*, 497 U.S. at 817, 110 S.Ct. at 3147, 111 L.Ed.2d at 653. In other words, firmly rooted hearsay exceptions have become such because the declarant's truthfulness is so clear from the surrounding circumstances that the test of cross-examination would add little to its reliability. Likewise, " 'particularized guarantees of trustworthiness' required for admission under the Confrontation Clause must ... be drawn from the totality of circumstances that surround the making of the statement and that render the declarant particularly worthy of belief." *Id.*, 497 U.S. at 818–19, 110 S.Ct. at 3148, 111 L.Ed.2d at 655–656.

In evaluating the constitutionality of 42 Pa.C.S. § 5985.1 by the standards enunciated in *Ohio v. Roberts, supra,* and clarified in *Idaho v. Wright, supra,* we find that the Pennsylvania statute is in conformity with constitutional mandates. However, because the statute is a relatively new creation in this Commonwealth, it is not accorded the longstanding judicial and legislative experience of a firmly rooted hearsay exception. Thus, for 42 Pa.C.S. § 5985.1 to pass muster under the Confrontation Clause, the evidence admitted under section

5985.1 must possess "particularized guarantees of trustworthiness" as adduced from the totality of the circumstances surrounding the out-of-court statement made by the child victim. The language of 42 Pa.C.S. § 5985.1, specifically "(1) The court finds, in an in camera hearing, that the evidence is relevant and that *the time, content and circumstances of the statement provide sufficient indicia of reliability* " (emphasis added), clearly fulfills these mandates. Accordingly, we find that 42 Pa.C.S. § 5985.1 mirrors the requirements asserted by *Ohio v. Roberts, supra,* and, as such, does not violate the Sixth Amendment Confrontation Clause of the United States Constitution nor the Confrontation Clause of the Pennsylvania Constitution.

Nevertheless, Appellant maintains that the holdings of *Commonwealth v. Haber,* 351 Pa.Super. 79, 505 A.2d 273 (1986) and *Commonwealth ex rel. Buchanan v. Verbonitz,* 525 Pa. 413, 581 A.2d 172 (1990), *cert. den., sub nom. Stevens v. Buchanan,* —— U.S. ——, 111 S.Ct. 1108, 113 L.Ed.2d 217 (1991), control the disposition of this case. In *Commonwealth v. Haber,* two mothers, during trial, related stories of sexual abuse told to them by their children, and identified appellant as the molester. This Court held that the admission of statements made by the two child victims violated the hearsay rule. The Commonwealth, in that case, asked this Court to create a new exception to the hearsay rule for out-of-court assertions of children pertaining to sexual abuse. We declined to do so, reasoning that such hearsay was too untrustworthy to be considered by the trier of fact. Judge Olszewski dissented, finding a need existed for implementation of a tender-years exception, and that such an exception would provide ample opportunity to test the reliability of the evidence, and, therefore, withstand constitutional scrutiny under the Confrontation Clause of the Sixth Amendment. Appellant asserts that the majority's reasoning in that case is applicable to the within situation. We disagree.

Since the decision in *Commonwealth v. Haber,* the legislature of this Commonwealth has directly responded to this situation and has created 42 Pa.C.S. § 5985.1, which requires a

"sufficient indicia of reliability" before such statements can be admitted in evidence as an exception to the hearsay rule. In *Commonwealth v. Haber,* this Court merely declined to judicially create an exception to the hearsay rule. We, at that time, were not presented with a legislative enactment, designed with safeguards for truthfulness. Therefore, we find Appellant's reliance on this case misplaced.

In *Commonwealth ex rel. Buchanan v. Verbonitz, supra,* the issue presented was whether hearsay testimony presented at a preliminary hearing regarding a seven-year-old victim's account of an alleged criminal incident, which was the sole evidence presented by the Commonwealth, was sufficient to establish a *prima facie* case. On June 24, 1987, appellant was arrested and charged with statutory rape, corruption of a minor and endangering the welfare of a child. At the preliminary hearing, the Commonwealth presented the hearsay testimony of the investigating police officer, who recounted the alleged criminal incident as it was allegedly related to him by the victim. The victim did not testify, nor was any other evidence presented at the preliminary hearing. Appellant was bound over for trial. Subsequently, appellant filed a writ of habeas corpus in the court of common pleas, which writ was denied. Certification of the issue was also denied by the trial court. Appellant then petitioned this Court for review. When his petition was denied, appellant petitioned the Supreme Court for allowance of appeal. Allocatur was granted. Upon review, our Supreme Court held that the Pennsylvania Constitution mandates a criminal defendant's right to confrontation and cross-examination at the preliminary hearing. It further found that the testimony of the police officer was clearly hearsay and inadmissible. Accordingly, our Supreme Court held that the Commonwealth had failed to establish a *prima facie* case and dismissed the charges.

Appellant argues that, because our Supreme Court recognized " *'in all criminal prosecutions'* the accused has a right to meet the witnesses against him—'face to face' ", *Id.,* 525 Pa. at 419, 581 A.2d at 175 (emphasis in original), citing Pa. Const. Article 1 § 9, a statute which authorizes the introduction of

hearsay statements of a sexually abused child victim would be unconstitutional, denying the accused the right to confront and cross-examine the witnesses against him. Essentially, Appellant suggests that *Commonwealth ex. rel. Buchanan v. Verbonitz, supra,* stands for the proposition that all hearsay statements violate the Confrontation Clause. We agree with the United States Supreme Court in *Idaho v. Wright, supra,* that this view is too extreme. Furthermore, although the statute in question was in effect at the time of the decision of our Supreme Court in *Commonwealth ex. rel. Buchanan v. Verbonitz,* the preliminary hearing at issue in that case took place before enactment of the statute (1987). Accordingly, the statute had no application to that case.[6] Thus, *Commonwealth ex. rel. Buchanan v. Verbonitz, supra,* is clearly distinguishable from the present case. Moreover, even if 42 Pa.C.S. § 5985.1 would have been applicable to the situation in *Commonwealth ex. rel. Buchanan v. Verbonitz,* we note that the case was a plurality opinion, which is not binding authority on this Court.

At oral argument, counsel for Appellant referred this Court to *Commonwealth v. Ludwig,* 527 Pa. 472, 594 A.2d 281 (1991), where our Supreme Court held that the use of closed-circuit television testimony by an alleged child victim violates the Confrontation Clause of the Pennsylvania Constitution. Appellant argues that Article I, § 9 of the Pennsylvania Constitution guarantees an accused the right to meet his accuser, and that the statute in question here violates this guarantee by the use of hearsay testimony. The constitutional provision in questions provides: "In all criminal prosecutions the accused has a right to be heard ... to meet the witnesses *face to face* ..." (Emphasis added). Our Supreme Court, while invalidating the closed-circuit television procedure, made it clear that this right to face-to-face confrontation, like any right, is not absolute. The court pointed out that it had permitted the prosecution to use preliminary hearing testimony of a witness at trial, when that witness was unavailable, *Commonwealth v.*

---

**6.** The Pennsylvania Supreme Court, likewise, made no mention of 42 Pa.C.S. § 5985.1 in its decision in *Commonwealth ex. rel. Buchanan v. Verbonitz, supra.*

*Rodgers*, 472 Pa. 435, 372 A.2d 771 (1977), and that it had countenanced the prosecution's use of a video-taped deposition of a witness unavailable for trial. *Commonwealth v. Stasko*, 471 Pa. 373, 370 A.2d 350 (1977). Indeed, to accept Appellant's position that an accused has the right to face-to-face confrontation with the declarant in all testimony offered against him would invalidate all well-recognized exceptions to the hearsay rule, such as the co-conspirators exception or the excited utterance exception. Our Supreme Court has expressly ruled that the co-conspirators exception does not violate the holding of *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the seminal case on the problem of hearsay in the confrontation right context. *See Commonwealth v. Coccioletti*, 493 Pa. 103, 425 A.2d 387 (1981). While *Coccioletti* was decided under the confrontation right contained in the Sixth Amendment to the United States Constitution, our Supreme Court gave no indication that the result would have been different under the Pennsylvania Constitution. It is of no moment that the parties did not raise the state constitutional guarantees in *Coccioletti, supra*, for the Supreme Court could have decided the state constitutional question even though not raised by the parties. In *Commonwealth v. Edmunds*, 526 Pa. 374, 586 A.2d 887 (1991), our Supreme Court decided that there was no "good faith" exception to the exclusionary rule governing searches and seizures under Article I, § 8, of the Pennsylvania Constitution, contrary to the view of the U.S. Supreme Court in *U.S. v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), interpreting the similar provision of the Fourth Amendment to the United States Constitution. Our Supreme Court decided the issue of state constitutional law, even though it had never been raised by the Appellant in the trial or in this Court on appeal. Appellant chose to rely only upon the Sixth Amendment to the United States Constitution. We thus conclude that our Supreme Court in *Ludwig, supra*, did not intend to invalidate all exceptions to the hearsay rule as violative of the Confrontation Clause of the Pennsylvania Constitution. As in *Coccioletti, supra*, such exceptions to the hearsay rule do not violate either the federal or state constitutional confrontation right.

Having determined that 42 Pa.C.S. § 5985.1 does not violate the Confrontation Clause of the Sixth Amendment to the United States Constitution, nor Article 1 § 9 of the Pennsylvania Constitution, we vacate the order of the trial court denying Appellant's motion *in limine* and remand the case to the court in order that it may make a factual determination as to whether the statements of the child victim comport with statutory regimens, specifically whether the statements in question contain the indicia of reliability necessary to permit them as evidence in the within criminal proceeding.

■■■■ On remand, we direct the trial court's attention to the following guidelines enunciated in *Idaho v. Wright, supra,* for determining whether hearsay statements made by a child sexual abuse victim possess the requisite indicia of reliability to be admissible. Although the Supreme Court declined to endorse a mechanical test for determining when hearsay statements made by a child witness in child sexual abuse cases possess "particularized guarantees of trustworthiness" under the Confrontation Clause, it did provide that the main consideration in making such a determination is whether the child declarant was particularly likely to be telling the truth when the statement was made. *Id.,* 497 U.S. at 818, 110 S.Ct. at 3148, 111 L.Ed.2d at 656. The Supreme Court then identified a non-inclusive list of factors to consider when making such a determination. Such factors include, but are not limited to: 1) the spontaneity and consistent repetition of the statement(s); 2) the mental state of the declarant; 3) the use of terminology unexpected of a child of similar age; and, 4) the lack of motive to fabricate. *Id.* We suggest that the trial court, in the present case, consider these factors, among others, in arriving at its determination under the statute.[7]

7. We note that, even if the child's statements do not meet the guidelines of 42 Pa.C.S. § 5985.1, the trial court may nevertheless find the statement made to the mother and Dr. Tory admissible pursuant to the excited utterance and medical treatment exceptions to the hearsay rule. *See Commonwealth v. Sanford,* 397 Pa.Super. 581, 580 A.2d 784 (1990), *alloc. den.,* 527 Pa. 586, 588 A.2d 508 (1991).

Order vacated and case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

BROSKY, J., files a concurring opinion.

BROSKY, Judge, concurring.

I concur with the majority in concluding that, to the extent 42 Pa.C.S. § 5985.1 is interpreted and applied in a fashion that does not offend the concepts espoused in the United States Supreme Court's decision in *Idaho v. Wright*, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), the statute in question should be regarded as constitutionally acceptable.

I note also that subsection (a)(2)(ii), which appears to validate a statement where the child declarant "is unavailable as a witness and there is corroborative evidence of the act" would seem to offend the decision in *Idaho v. Wright;* at least to the extent the statement is not otherwise accompanied by the "particularized guarantees of trustworthiness" sufficient to satisfy the confrontation clause. With this particular exception, and in reliance upon the decision in *Idaho v. Wright,* I would agree that the statute in question does not compromise the accused's constitutional rights under the confrontation clause.