J-S42003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM CHARLES WUNNER, | |
| Appellant | No. 817 MDA 2016 |

Appeal from the Judgment of Sentence April 15, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-0003445-2014

BEFORE:  OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 07, 2017**

Appellant, William Charles Wunner, appeals from the judgment of sentence entered on April 15, 2016.  We affirm.

The factual background and procedural history of this case are as follows.  In April 2014, Appellant began dating A.W. Shortly thereafter, Appellant and his brother moved in with A.W. and her three children.  At the time, one of the children, the victim, was five years old.  While A.W. worked, Appellant and his brother babysat for her.  Appellant moved out of the household in May 2014.  On June 22, 2014, the victim reported to her grandmother that Appellant had sexually abused her while he was living in the home.

On December 9, 2014, the Commonwealth charged Appellant via criminal information with rape of a child,[1] involuntary deviate sexual intercourse,[2] two counts of aggravated indecent assault,[3] endangering the welfare of a child,[4] corruption of minors,[5] indecent assault,[6] and indecent exposure.[7]  On January 20, 2016, a jury convicted Appellant on all charges. On April 15, 2016, Appellant was sentenced to an aggregate term of 24 to 48 years' imprisonment.  This timely appeal followed.[8]

Appellant presents two issues for our review:

1. Whether the [t]rial court erred in precluding [Appellant] from presenting evidence of [the victim's] contact with a registered sex offender, where it prevented [Appellant] from mounting a complete defense?

---

[1]  18 Pa.C.S.A. § 3121(c).

[2]  18 Pa.C.S.A. § 3123(b).

[3]  18 Pa.C.S.A. § 3125(b).

[4]  18 Pa.C.S.A. § 4304(a)(1).

[5]  18 Pa.C.S.A. § 6301(a)(1)(ii).

[6]  18 Pa.C.S.A. § 3126(a)(7).

[7]  18 Pa.C.S.A. § 3127(a).

[8]  On May 17, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement").  **See** Pa.R.A.P. 1925(b).  On June 2, 2016, Appellant filed a motion requesting additional time to file his concise statement.  On June 3, 2016, the trial court granted Appellant's motion.  On July 11, 2016, Appellant filed his concise statement.  On November 30, 2016, the trial court issued its opinion pursuant to Pa.R.A.P. 1925(a).

2. Whether the evidence was sufficient to sustain a conviction for 18 Pa.C.S.A. § 3121(c), § 3123(b), and § 3125(b), when the time period during which events allegedly occurred is exceedingly vague, there was no physical evidence, or the physical evidence was not consistent with [the victim's] story, and there was no testimony from the [victim] or evidence from the Commonwealth regarding an identifying mark on [Appellant's] penis?

Appellant's Brief at 1.

In his first issue, Appellant argues that the trial court erred in excluding evidence showing that the victim's grandfather was a registered sex offender who had unsupervised contact with the victim. Specifically, Appellant alleges "[s]uch evidence would have bolstered Appellant's defense and permitted a reasonable inference that while someone abused [the victim], there was an alternative perpetrator who had access to [her], instead of Appellant." Appellant's Brief at 10. Our standard of review concerning the admissibility of evidence is as follows:

The admission of evidence is a matter vested within the sound discretion of the trial court, and such a decision shall be reversed only upon a showing that the trial court abused its discretion. In determining whether evidence should be admitted, the trial court must weigh the relevant and probative value of the evidence against the prejudicial impact of that evidence. Evidence is relevant if it logically tends to establish a material fact in the case or tends to support a reasonable inference regarding a material fact. Although a court may find that evidence is relevant, the court may nevertheless conclude that such evidence is inadmissible on account of its prejudicial impact. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

- 3 -

*Commonwealth v. Weakley*, 972 A.2d 1182, 1188-1189 (Pa. Super. 2009) (citations omitted).

Here, the trial court determined "that the bare allegation of the victim being in the company of someone with a prior conviction for child pornography did not exonerate [Appellant], [nor] demonstrate bias and was not relevant to any fact at issue." Trial Court Opinion, 11/30/2016, at 6. Furthermore, the victim testified that she did not have any unsupervised contact with her grandfather. N.T., 8/31/15, at 13-14. Appellant offered no evidence suggesting that anything inappropriate ever occurred between the victim and her grandfather. Therefore, Appellant's assertion is vague and void of probative value. Moreover, it does not make the existence of any fact at issue more or less probable. We conclude that the trial court did not abuse its discretion in finding the proffered evidence was not relevant and thus inadmissible.

In his second issue, Appellant argues that the evidence was insufficient to support a guilty verdict. The trial court deemed this issue waived, as Appellant's concise statement failed to specify the element or elements of the offenses that he believes are not supported by the evidence. Trial Court Opinion, 11/30/2016, at 8-9. As this Court has stated, "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was

insufficient." ***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013), *citing* ***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009). "Such specificity is of particular importance in cases where, as here, the [A]ppellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." ***Id.*** Since Appellant asserts that the evidence was insufficient to sustain a conviction of three separate charges, but fails to specify which elements are not supported by the evidence, we find Appellant's sufficiency claim waived on this basis.

However, even assuming Appellant's sufficiency claim was not waived, we find it meritless. "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Walls***, 144 A.3d 926, 931 (Pa. Super. 2016), *appeal denied*, 470 EAL 2016 (Pa. Feb. 23, 2017) (citation omitted). "In assessing Appellant's sufficiency challenge, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that the Commonwealth proved [each] element of the crime beyond a reasonable doubt." ***Commonwealth v. Ansell***, 143 A.3d 944, 949 (Pa. Super. 2016) (citation omitted). "The evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented."

*Commonwealth v. Ford*, 141 A.3d 547, 552 (Pa. Super. 2016) (citation omitted).

Specifically, Appellant argues that the evidence presented at trial was legally insufficient to sustain Appellant's convictions for rape of a child,[9] involuntary deviate sexual intercourse,[10] and aggravated indecent assault.[11] Appellant's Brief at 13-14. In support of his argument, Appellant claims the medical evidence and testimony given by the Commonwealth's expert does not establish that the victim was sexually assaulted. Further, Appellant

---

[9] *See* 18 Pa.C.S.A. § 3121(c): "A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age." Sexual intercourse "[i]n addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required." 18 Pa.C.S.A. § 3101. *See also Commonwealth v. Hunzer*, 868 A.2d 498 (Pa. Super. 2005) (finding that the term "penetration however slight" is not limited to penetration of the vagina, as entrance in the labia will suffice.)

[10] *See* 18 Pa.C.S.A. § 3123(b): "A person commits involuntary deviate sexual intercourse with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age." Deviate sexual intercourse is "[s]exual intercourse per os or per anus between human beings and any form of sexual intercourse with an animal. The term also includes penetration, however slight, of the genitals or anus of another person with a foreign object for any purpose other than good faith medical, hygienic or law enforcement procedures." 18 Pa.C.S.A. § 3101.

[11] *See* 18 Pa.C.S.A. § 3125(b): "[A] person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault. . . if the complainant is less than 13 years of age."

contends that the victim "never testified to nor described to anyone the identifying mark on [] Appellant's penis." Appellant's Brief at 14. Appellant also argues that the Commonwealth never elicited a timeframe for when these events allegedly occurred, and that the Commonwealth's "entire case is on based on the report of the [victim]." Appellant's Brief at 15.

At trial, the jury was instructed that they may find Appellant guilty if the testimony of the victim convinces them that Appellant is guilty beyond a reasonable doubt. N.T., 1/20/2016, at 209. This jury instruction is consistent with 18 Pa.C.S.A. § 3106, which provides "[t]he credibility of a complainant of an offense under this chapter shall be determined by the same standard as is the credibility of a complainant of any other crime. The testimony of a complainant need not be corroborated in prosecutions under this chapter. No instructions shall be given cautioning the jury to view the complainant's testimony in any other way than that in which all complainants' testimony is viewed." *See also Commonwealth v. Poindexter*, 646 A.2d 1211, 1214 (Pa. Super. 1994) (holding that for charges of rape, involuntary deviate sexual intercourse, and statutory rape, testimony of a victim need not be corroborated); *Commonwealth v. Lyons*, 833 A.2d 245, 258 (Pa. Super. 2003) (finding "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses.").

Additionally, the doctor that performed the medical exam on the victim testified that the result of "the exam [did] not preclude penetration into the internal genital structures, including the lips of the labia up to the hymenal opening." N.T., 1/20/2016, at 129-130. Likewise, the testimony given by the two detectives and Appellant's brother corroborated the victim's testimony. Lastly, the offenses *sub judice* occurred over a one-month timeframe (April to May 2014) when Appellant resided with A.W.; hence, we are not confronted with a lengthy and unspecified period during which the crimes were alleged to have occurred. Accordingly, we find that there was sufficient evidence to convict Appellant of rape of a child, involuntary deviate sexual intercourse, and aggravated indecent assault.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2017