J. S30016/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE:  K.L., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| APPEAL OF:  K.L., A MINOR | : | |
| | : | No. 923 EDA 2015 |

Appeal from the Dispositional Order, March 9, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-JV-0000161-2015

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND JENKINS, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED April 21, 2016**

K.L. appeals from the juvenile dispositional order entered in the Court of Common Pleas of Philadelphia County on March 9, 2015, adjudicating him as a delinquent for simple assault.[1]  We affirm.

The trial court set forth the following procedural and factual history:

> This appeal arises from this Court's Order of March 9, 2015 adjudicating [a]ppellant, K.L., delinquent based upon a finding that he had committed the delinquent act of Simple Assault. [Appellant] filed a timely notice of appeal on March 18, 2015 which was amended on March 20, 2015.  The relevant facts are stated below.
>
> On January 23, 2015, Officer Brandon McMillan arrived at 4607 Horrocks Street in Philadelphia where he encountered the young female complainant who was yelling and appeared to be very distraught and angry.  (N.T. 3/9/2015, p.7)  While in this emotional state, the complainant told the officer that her brother, [appellant], had just punched her in the face multiple times.  (N.T. 3/9/2015, p.8).  This

---
[1] 18 Pa.C.S.A. § 2701(a).

incident apparently arose after the complainant confronted [appellant] about taking a cellphone from her the previous week. (N.T. 3/9/2015, p. 10). The officer observed that the complainant's glasses and cellphone were broken. (N.T. 3/9/2015, p. 12). During the course of his encounter with the complainant, the officer noticed that the left side of her face began to swell. (N.T. 3/9/2015, p. 7). [Appellant] was subsequently arrested.

Trial court opinion, 9/3/15 at 1-2.

At the adjudicatory hearing, the trial court admitted into evidence the hearsay statements of appellant's sister ("declarant"), who did not testify, as excited utterances. Consequently, appellant raises the following issue:

Did not the lower court err by admitting into evidence hearsay statements of appellant's sister, who did not testify, regarding an alleged simple assault that occurred an hour earlier, as such statements were not "excited utterances," but rather inadmissible hearsay?

Appellant's brief at 3.

Our standard of review as to the admission of evidence, including the admission of hearsay, is whether the trial court abused its discretion. In reviewing a trial court's ruling on the admissibility of evidence, our standard of review is one of deference. It is firmly established, "questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and [a reviewing court] will not reverse the court's decision on such a question absent a clear abuse of discretion." **Commonwealth v. Chmiel**, 558 Pa. 478, 493, 738 A.2d 406, 414 (1999), **cert. denied**, 528 U.S. 1131, 120 S. Ct. 970, 145 L. Ed. 2d 841 (2000). An abuse of discretion requires:

not merely an error of judgment, but where the judgment is manifestly

> unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.
>
> ***Commonwealth v. Widmer***, 560 Pa. 308, 322, 744 A.2d 745, 753 (2000) (citation omitted).

***Commonwealth v. Hunzer***, 868 A.2d 498, 510 (Pa.Super. 2005).

Generally, "[h]earsay is not admissible except as provided by these rules, by other rules prescribed by the Pennsylvania Supreme Court, or by statute." Pa.R.E. 802. One such rule is Pa.R.E. 803, which provides:

> **Rule 803. Exceptions to the Rule Against Hearsay – Regardless of Whether Declarant is Available as a Witness**
>
> The following statements are not excluded by the hearsay rule, regardless of whether the declarant is available as a witness:
>
> . . . .
>
> **(2) Excited utterance.** A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

Pa.R.E. 803.

> [An excited utterance is a] spontaneous declaration by a person whose mind has been suddenly made subject to an overpowering emotion caused by some unexpected and shocking occurrence, which that person had just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be made so near the

> occurrence both in time and place as to exclude the likelihood of its being emanated in whole or in part from his reflective faculties.
>
> ***Commonwealth v. Upshur***, 2000 PA Super 376, 764 A.2d 69, 75 (Pa.Super. 2000) (citations omitted).
>
> In assessing a statement offered as an excited utterance, the court must consider, among other things, whether the statement was in narrative form, the elapsed time between the startling event and the declaration, whether the declarant had an opportunity to speak with others and whether, in fact, she did so. ***Commonwealth v. Sanford***, 397 Pa.Super. 581, 580 A.2d 784, 788 (1990), ***appeal denied***, 527 Pa. 586, 588 A.2d 508 (1991). [T]here is no bright line rule regarding the amount of time that may elapse between the declarant's experience and her statement. "[T]he crucial question, regardless of the time lapse, is whether, at the time the statement is made, the nervous excitement continues to dominate while the reflective processes remain in abeyance." ***Commonwealth v. Gore***, 262 Pa.Super. 540, 396 A.2d 1302, 1305 (1975). It is "the spontaneity of . . . an excited utterance [that] is the source of reliability and the touchstone of admissibility." ***Commonwealth v. Chamberlain***, 557 Pa. 34, 40, 731 A.2d 593, 596 (1999) (citations omitted).

***Commonwealth v. Bibbs***, 970 A.2d 440, 454 (Pa.Super. 2009) (citation omitted).

Here, the record reflects that Officer Brandon McMillan arrived at the scene about five minutes after receiving a radio call. (Notes of testimony, 3/9/15 at 14.) After arriving, he saw the declarant and several other people. (***Id.*** at 7.) Officer McMillan testified that the declarant was very

distraught and that she was angry, crying, and yelling. (*Id.* at 7-8, 13.) While the declarant told Officer McMillan that appellant had punched her in the face multiple times, the left side of her face began to swell. (*Id.*) The officer also observed that the declarant's glasses and cellphone were broken. (*Id.* at 12.) The declarant told the officer that her glasses were broken because appellant had punched her in the face multiple times. (*Id.* at 13-14.) She further stated that her cellphone was broken because appellant threw it down a flight of stairs. (*Id.* at 14.)

Although appellant contends that the declarant made her statements an hour after the incident had occurred and that, consequently, they were unreliable, the record belies appellant's contention. Officer McMillan's testimony that the victim's face began to swell as she told him that appellant punched her in the face multiple times supports the conclusion that a close temporal proximity existed between the occurrence of the unexpected, shocking event and the declarant's statements. As such, because the record supports the conclusion that the declarant made her statements to Officer McMillan while she was under the influence of an unexpected, shocking event and that her statements were not the result of reflection, we find that the trial court did not abuse its discretion in admitting those statements under the excited utterance exception to the hearsay rule.

Juvenile dispositional order affirmed.

J. S30016/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2016