J-S43030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARLOS RAUL GONZALEZ-ROMAN | |
| Appellant | No. 792 MDA 2015 |

Appeal from the Judgment of Sentence March 23, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0006931-2013

BEFORE: GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J. **FILED JULY 05, 2016**

Appellant, Carlos Raul Gonzalez-Roman, appeals from the judgment of sentence entered March 23, 2015, in the Court of Common Pleas of York County. Appellant argues on appeal that the trial court erred when it declared a five-year-old minor witness competent to testify. We affirm.

On July 10, 2013, Appellant sexually assaulted his paramour's five-year-old minor daughter, A.R. The assault was witnessed by A.R.'s four-year-old brother, O.R. After A.R. and O.R. reported the assault to their mother, who in turn reported the incident to the police, Appellant was charged with Rape of a Child, Involuntary Deviate Sexual Intercourse (IDSI) of a Child, Indecent Assault, and Corruption of Minors.[1]

---

[1] 18 Pa.C.S.A. §§ 3121(c); 3123(b); 3126(a)(7); and 6301(a)(1)(ii), respectively.

Prior to trial, the trial court conducted a hearing to determine O.R.'s competency to testify regarding his observation of the sexual assault. At the hearing, O.R., who was now five-years-old, answered questions from the trial court, the Commonwealth, and defense counsel regarding his competence. O.R. was accurately able to communicate his name, age, grade in school, what he had for breakfast that morning, and the weather conditions outside that day. *See* N.T., Competency Hearing, 12/8/14 at 20, 25. Although O.R. testified that he did not know the difference between a truth and a lie, he stated that he knew it was "good to tell the truth" and that he would get in trouble if he lied. *Id*. at 21-22. O.R. further indicated his ability to differentiate between a truth and a lie when posed questions regarding the color of the prosecutor's shirt and tie. For example, after the prosecutor established that his shirt was white, he asked O.R., "[I]f I told you that my shirt was black, is that a truth or a lie?" *Id*. at 22. O.R. correctly responded that the statement was a lie. *See id*. After the prosecutor established that his tie was blue, O.R. correctly identified as truth the prosecutor's statement that his tie was blue. *See id*. O.R. also established that he knew the difference between "something that really happened and something that's make-believe," when he labeled defense counsel's statement that he had seen a horse fly by his window that morning as "make-believe." *Id*. at 28-29.

O.R. proceeded to testify to his observation of the sexual assault. Based upon O.R.'s ability to differentiate between the truth and a lie and his

ability to describe details of the sexual assault, the trial court determined that O.R. was competent to testify.

Both the victim and O.R. testified at trial. A jury convicted Appellant of Indecent Assault and Corruption of Minors.[2] The trial court sentenced Appellant to one year minus one day to two years minus two days imprisonment, followed by five years of probation. Appellant filed a timely post-sentence motion requesting a new trial, which the trial court denied. This timely appeal followed.

On appeal, Appellant claims O.R. was incompetent to testify. We disagree.

We will not disturb a trial court's determination of a witness's competency absent an abuse of discretion. ***See Commonwealth v. Davis***, 939 A.2d 905, 906-907 (Pa. Super. 2007).

> Although competency of a witness is generally presumed, Pennsylvania law requires that a child witness be examined for competency. As we have recently reiterated, this Court historically has required that witnesses under the age of fourteen be subject to judicial inquiry into their testimonial capacity. … In Pennsylvania, competency is a threshold legal issue, to be decided by the trial court.

***Commonwealth v. Hutchinson***, 25 A.3d 277, 289-290 (Pa. 2011) (internal citations, quotation marks, and footnote omitted).

In order to be found competent, the minor must possess:

---

[2] The jury found Appellant not guilty of Rape of a Child and IDSI of a Child.

(1) such capacity to communicate, including as it does both an ability to understand questions and to frame and express intelligent answers, (2) mental capacity to observe the occurrence itself and the capacity of remembering what it is that she is called to testify about and (3) a consciousness of the duty to speak the truth.

***Commonwealth v. Hunzer***, 868 A.2d 498, 508 (Pa. Super. 2005) (citation omitted).

On appeal, Appellant solely argues that the trial court failed to adequately establish O.R.'s "understanding of and duty to speak the truth." Appellant's Brief at 13.[3] The trial court refuted Appellant's argument in its Rule 1925(a) opinion as follows.

O.R. was five at the time he was called upon to testify and, at that time, he stated that he did not know the difference between the truth and a lie. (N.T.T., 12/[8]/14, at 21). Of course, the inability of a child to verbalize definitions is not tantamount to lack of conceptual understanding and the questioning progressed to flesh this out.

O.R. stated that he knew it was good to tell the truth and that one would get into trouble for lying. [***See id***.] at 21-22. Counsel for Commonwealth and the defense and this [c]ourt engaged in testing O.R.'s ability to discern fact and fiction. Examples of this include O.R. correctly identifying the prosecutor's statement about the color of the prosecutor's shirt as being untruthful. [***See id***.] at 22. And, when queried whether his mother was shouting in court, O.R. correctly demonstrated that this was a lie. [***See id***.] at 27.

O.R. told this [c]ourt that he believes that should he tell a lie then the police would check on it and if he were to tell a lie at

_____

[3] Although Appellant's question presented on appeal attacks the satisfaction of all elements of the competency test, his argument is constrained to O.R.'s consciousness of the duty to speak the truth. We therefore limit our discussion to that element of the competency examination.

- 4 -

school then he would have to put his head down on his desk. [*See id*.] at 27-28. O.R. was able to indicate that the truth is good and a lie is bad. [*See id*.] at 31. At trial, O.R. again stated that it is good to tell a truth and bad to tell a lie. (N.T.T., 12-9-14 at 120.) However, in opposition to his earlier statements at the competency hearing, at trial O.R. was unable to identify consequences for lying. [*See id*.] at 121-122. Yet, O.R. was able to state that if he lied at school then his folder would be signed. [*See id*.] at 123.

This [c]ourt was confronted with a child who stated that he knew it was good to tell the truth and that he would get into trouble for lying. O.R. was able to differentiate truth from lies and demonstrated an understanding of punishment for lying— even if O.R. was unclear on exact penalties. From this, it seemed clear to this [c]ourt that O.R. understood the need to be truthful and, therefore, the final test for competency, as to O.R., was met. Remembering that the most basic of rules relative to competency is that all individuals are *presumed* competent to testify, [*see Commonwealth v. Delbridge*, 855 A.2d 27, 39 (Pa. 2003),] *supra*, we believed O.R. to have been competent.

Trial Court Opinion, 10/15/15 at 6-7.

Upon reviewing the record, we find the trial court did not abuse its discretion in determining that O.R. satisfactorily exhibited an appreciation of the duty to speak the truth. O.R. demonstrated a clear understanding of the difference between a truth and a lie, and of the consequences for telling a lie. Despite Appellant's insistence that O.R. did not understand the concept of a "promise," our case law only requires that a competent witness demonstrate "a consciousness of the duty to speak the truth." *Hunzer*, *supra*. Based on our review of the record, we are satisfied that O.R. did so.

We therefore find no abuse of discretion in the trial court's determination of O.R.'s competency. We are further satisfied that the trial

court's inquiry was in all aspects adequate and searching. Accordingly, Appellant's issue on appeal is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/5/2016