**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OREMA SMITH, | |
| Appellant | No. 3445 EDA 2015 |

Appeal from the Judgment of Sentence Entered October 14, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010225-2014

BEFORE: BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED APRIL 06, 2017**

Appellant, Orema Smith, appeals from the judgment of sentence of 9 to 23 months' house arrest, imposed after she was convicted, following a non-jury trial, of aggravated assault, simple assault, and recklessly endangering another person. On appeal, Appellant solely challenges the lower court's decision to exclude certain evidence at trial. After careful review, we affirm.

The trial court summarized the facts of this case as follows:

> Robin Smith testified that she is an employee of the Philadelphia Sanitation Department, and that on May 27, 2014, at about 7:45 AM, she was at 2600 Glenwood Street, to rendezvous with her co-workers to start her shift on a sanitation truck. At that time, [Appellant], [who was] also a City Sanitation Worker, commenced an argument with Smith about

---

[*] Former Justice specially assigned to the Superior Court.

[Smith's] alleged involvement with the father of one of [Appellant's] children.

Smith and her crew then left the location[;] however, [Appellant] got into her personal vehicle, followed the truck on which Smith was working, and pulled in front of the truck, forcing it to stop at 26th and Haggard Streets. [Appellant] exited her vehicle with a Club in her hand.[1]

[1] Club is a brand name that has become a generic term for a device used to secure a vehicle steering wheel. The Club involved in this incident was photographed by police. The Club in that photograph was identified by Smith, and the photograph was placed in evidence as C-2.

Carrying the Club, [Appellant] approached the vehicle in which Smith was riding. Smith's partner, Elmo Swanson, exited the vehicle and attempted to restrain [Appellant], as he yelled for Smith to lock the door. [Appellant] went around to the driver's side, opened the door and spit on Smith and the driver.

[Appellant] jumped up on the steps to the truck, swinging the Club, and striking Smith. Swanson was also struck with the Club as he was attempting to intervene. Smith was struck with the Club on the left side of her head. She received medical treatment and [had a] follow-up appointment, and suffered a "knot" to her head. The formal diagnosis was "contusion of the scalp."

Trial Court Opinion (TCO), 5/26/16, at 2 (citations to the record omitted).

Following this incident, Appellant was arrested and proceeded to a non-jury trial on May 19, 2015. At the close thereof, she was convicted of the above-stated offenses. On October 14, 2015, Appellant was sentenced to an aggregate term of 9 to 23 months' house arrest. She filed a timely notice of appeal, and also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement. The court filed a Rule 1925(a) opinion on May 26, 2016. Herein, Appellant raises one issue for our review:

Did the trial court err in denying the admissibility of the Unemployment Compensation Board of Review [(UCB)] [h]earing transcripts at trial, when admission of the transcript was highly relevant to the credibility of the Commonwealth['s] witnesses as it contained numerous contradictions to the trial testimony of those witnesses?

Appellant's Brief at 4.

We begin by noting that,

[t]he standard of review employed when faced with a challenge to the trial court's decision as to whether or not to admit evidence is well settled. Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and a reviewing court will not reverse the trial court's decision absent a clear abuse of discretion. ***Commonwealth v. Hunzer***, 868 A.2d 498 (Pa. Super. 2005). Abuse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will. ***Id.***

***Commonwealth v. Young***, 989 A.2d 920, 924 (Pa. Super. 2010) (citation omitted).

Here, Appellant challenges the trial court's decision to preclude the admission of a transcript of testimony offered by Anthony Alford at a UCB hearing.[1]  Alford, who was an employee of the sanitation department and witnessed the altercation between Appellant and Smith, was called to the stand by the defense at trial.  ***See*** N.T. Trial, 5/19/15, at 41-42.  During defense counsel's direct-examination of Alford, he testified that the initial interaction between Smith and Appellant involved only "arguing at first." ***Id.***

_____

[1] Appellant does not provide any details about the UCB hearing, including what parties were involved in that proceeding.

- 3 -

at 42. At that point, defense counsel asked Alford if he had provided testimony at a UCB hearing two months prior to Appellant's trial, and Alford responded that he had. *Id.* at 43. Then, defense counsel asked that the transcript of the UCB hearing be marked as an exhibit, at which point the Commonwealth objected to the admission of that evidence. *Id.* When the trial court asked defense counsel for an offer of proof regarding the relevancy of the transcript, defense counsel responded:

> [Defense Counsel]: Given the charge … of aggravated assault, we need to know when it happened. And in response to when the first physical altercation occurred and an injury was sustained, they have to prove [Appellant] was the initiator, which [Appellant] and their witnesses say never occurred.

*Id.* at 44-45. The trial court disagreed with counsel that Alford's testimony at the UCB hearing was relevant, and refused to admit the transcript. *Id.* at 45.[2]

---

[2] In the trial court's Rule 1925(a) opinion, it elaborates on why it denied admission of the transcript, stating:

> Here, the [d]efense sought to introduce the transcript of the testimony of its own witness, Anthony Alford, before the [UCB]. The purpose according to the [d]efense['s] offer of proof was to demonstrate that the witness had testified to an earlier physical altercation between [Appellant] and Robin Smith, which the [d]efense alleged, could have been the occasion on which Smith suffered the head injury. This testimony was not relevant to the charges; accordingly, the [c]ourt declined to allow this attempted impeachment by the [d]efense of its own witness.
>
> Moreover, the [d]efense had already adduced testimony []
> that, contrary to Smith's testimony, the initial confrontation did

*(Footnote Continued Next Page)*

On appeal, Appellant presents a confusing argument that does not convince us that the court abused its discretion in making this evidentiary ruling. Aside from citing general legal principles regarding the admissibility of relevant evidence, Appellant's entire argument consists of the following:

> **Alford testified at trial that the initial argument between [Smith] and Appellant was merely verbal ..., but he testified at the UC[B] Hearing that the argument became physical as well....** Appellant's counsel tried to further explore this issue but the trial court did not permit her.
>
> Far from cumulative evidence, Alford's previous statement corroborated the entire defense theory of the case - that [Smith], not Appellant, was the primary aggressor in the initial altercation, and when the police became involved[, Smith] lied and told police that she was the victim and that Appellant had in fact even used a weapon. Credibility of witnesses is always relevant to a factual determination of guilt on a specific charge.
>
> The trial court misinterpreted the purpose of Appellant's counsel['s] introducing the UC[B] Hearing transcript. The purpose was not to establish a self-defense because there were two separate and distinct incidents, as noted by the trial court. The purpose of the evidence was to substantiate the defense theory of the case that the Commonwealth witnesses were not being truthful about what happened and that a weapon was never used.

*(Footnote Continued)* ────────────

> have a physical aspect. Thus, the evidence that [Alford] had previously said the same thing[] was merely cumulative.

TCO at 3-4.

Appellant's Brief at 8-9 (citations to the notes of testimony omitted; emphasis added).[3]

Not only does Appellant fail to cite or discuss any legal authority to support her arguments, but she also did not explain before the trial court, or discuss on appeal, what *specific testimony* Alford provided at the UCB hearing. This omission is detrimental to Appellant's claim for several reasons. First, Appellant's above-emphasized, cursory description of Alford's UCB hearing testimony does not even demonstrate that it was inconsistent with his testimony at trial. Again, just prior to defense counsel's attempting to introduce the UCB hearing transcript, Alford had only stated that Appellant and Smith were "arguing **at first**." N.T. Trial at 42 (emphasis added). We fail to see how that statement contradicts his purported UCB hearing testimony that the argument "became physical as well[,]" and Appellant offers no developed discussion to clarify this point. Appellant's Brief at 8.

_____

[3] We recognize that Appellant presents an additional paragraph addressing why the UCB hearing transcript should have been admitted to show that another witness, Elmo Swanson, also "made contradictory statements" at the UCB hearing. Appellant's Brief at 9. Appellant admits, however, that her "counsel did not attempt to introduce this portion of the UCB [h]earing transcript to impeach Swanson…." **Id.** Accordingly, Appellant has waived this claim for our review. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Second, Appellant's failure to specifically outline what Alford said at the UCB hearing prevents us from determining whether she is correct that his testimony at that proceeding could have been used to demonstrate "that the Commonwealth witnesses were not being truthful...." Appellant's Brief at 9. Appellant does not point to what *specific statements* Alford made at the UCB hearing that would have contradicted testimony by a Commonwealth witness at her trial.

Third, Appellant fails to identify any particular testimony by Alford at the UCB hearing that would have been relevant to substantiating her claim that Smith was the initial aggressor, or that she did not strike Smith with a weapon. Her vague comment that Alford testified at the UCB hearing that the 'argument became physical' does not convince us that his testimony would have established either of these points.

In sum, based on Appellant's lack of explanation regarding what Alford said at the UCB hearing, we conclude that she has not demonstrated that his testimony at that proceeding was relevant to her defense, or that it was admissible to attack the credibility of the Commonwealth's witnesses. Thus, the trial court did not abuse its discretion by deeming Alford's UCB hearing testimony irrelevant and inadmissible.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/6/2017</u>