J-A11045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| IBN-TYRON MILLER | : | |
| | : | |
| Appellant | : | No. 1788 MDA 2017 |

Appeal from the Judgment of Sentence October 17, 2017
in the Court of Common Pleas of Lackawanna County
Criminal Division at Nos.:  CP-35-CR-0000874-2017
CP-35-CR-0000875-2017
CP-35-CR-0000876-2017

BEFORE:   STABILE, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 27, 2018**

Appellant, Ibn-Tyron Miller, appeals from the judgment of sentence at three separate dockets following his counseled open guilty pleas to statutory sexual assault, indecent assault (person less than 16 Years old), criminal trespass-building, and simple assault.  On appeal, Appellant challenges his sentences as harsh and unreasonable.  Appellant also asserts the sentencing court failed to state reasons for the sentences on the record.  We affirm.

Appellant challenges the discretionary aspects of his sentence.  The guilty pleas are not at issue.  The sentencing court imposed an aggregate sentence of not less than forty-seven nor more than one hundred eight months of incarceration in a state correctional institution, to be followed by six years of probation.  All sentences were within the standard range.

_____

*   Retired Senior Judge assigned to the Superior Court.

This timely appeal followed the denial of Appellant's motion for reconsideration.[1] Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant raises two questions on appeal:

> A. Whether the trial court erred and imposed harsh and unreasonable sentences on all offenses?
>
> B. Whether the trial court failed to state on the record reasons for the sentences imposed?

(Appellant's Brief, at 4).

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

---

[1] Our Supreme Court recently decided *Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018), on June 1, 2018. Citing the official note to Pa.R.A.P. 341, the *Walker* Court prospectively determined that separate notices of appeal must be filed when convictions arise from separate dockets. However, our Supreme Court applied *Walker* prospectively from June 1, 2018, because it was "contrary to decades of case law from [the Supreme] Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, [appellate courts] seldom quashed appeals as a result." *Walker*, *supra* at 977. Because *Walker* was decided after the instant appeal was filed, we will not apply it and we decline to quash this single appeal.

Appellant's first claim, that his standard range sentences are excessive, fails to raise a substantial question. **See Commonwealth v. Dodge**, 77 A.3d 1263, 1270 (Pa.Super.2013), *appeal denied,* 91 A.3d 161 (Pa.2014). To the extent Appellant argues his sentence is excessive because the trial court imposed consecutive standard range sentences, he does not raise a substantial question under the circumstances of this case. **Id.** ("The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment."). Here, the record affords no basis for concluding the trial court's sentence is extreme under the circumstances of this case. Appellant's first question does not merit relief.

In his second question, Appellant challenges the omission of a statement on the record for the sentence imposed. He requests that his sentence be vacated and the case remanded for resentencing. Appellant's complaint does not merit relief.

The on-the-record disclosure requirement does not require the trial court to make "a detailed, highly technical statement." **Commonwealth v. Hunter**, 868 A.2d 498, 514 (Pa. Super. 2005). Where the trial court has the benefit of a Pre-Sentence Investigation Report (PSI), our Supreme Court has held that "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed,

its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (discussing ***Commonwealth v. Devers***, 546 A.2d 12, 18–19 (Pa. 1988)). Where the trial court has reviewed the PSI, it may properly "satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors." ***Id.***

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/27/2018