J-S12019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL A. KAMINSKY | : | |
| | : | |
| Appellant | : | No. 631 EDA 2019 |

Appeal from the Judgment of Sentence Entered February 12, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0000683-2018

BEFORE:   SHOGAN, J., McCAFFERY, J., and COLINS, J.*

MEMORANDUM BY McCAFFERY, J.:                **FILED APRIL 13, 2020**

Michael A. Kaminsky (Appellant) appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following his jury convictions of involuntary deviate sexual intercourse with a child, sexual assault, indecent assault of a person less than 13 years of age, and endangering the welfare of a child.[1]  Appellant presents a sole issue relating to hearsay testimony admitted under the tender years exception[2] to the general rule against hearsay.  We affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3123(b), 3124.1, 3126(a)(7), 4304.

[2] **See** 42 Pa.C.S. § 5985.1.

Appellant was charged with sexually abusing his minor child. Prior to trial, the Commonwealth petitioned to admit out-of-court statements under the tender years hearsay exception codified at 42 Pa.C.S. § 5985.1. The Commonwealth sought thereby to admit statements the child victim made to family members and to a forensic interviewer. The trial court held a hearing on March 1, 2018, and granted the Commonwealth's petition on April 17th.

The case proceeded to a jury trial on November 9, 2018. At the trial, the young victim testified as to the abuse, as did the family members who initially noticed his disturbing comments. The Commonwealth also showed the jury the videotaped forensic interview in which the victim described his sexual abuse, identified Appellant as the perpetrator, and described, and then drew a picture of, Appellant's penis. Trial Ct. Op., 7/2/19, at 3-5.

The jury found Appellant guilty of the above-cited offenses. On February 12, 2019, Appellant was sentenced to an aggregate term of 156 to 480 months' incarceration and a consecutive term of 10 years' probation. Appellant did not file a post-sentence motion, but took this timely appeal.

Appellant raises a single issue for this Court's review:

> Whether the lower court erred in admitting the out of court statements (including related audio recording and contemporaneous writings) that the complainant allegedly supplied to his mother, grandmother and to a forensic interviewer since the time, content, and circumstances of those statements did not demonstrate sufficient indicia of reliability as required for the tender years exception to the hearsay rule?

Appellant's Brief at 5.

Appellant argues that the Commonwealth did not establish sufficient indicia of reliability to support admission of the contested statements under the tender years exception. Appellant characterizes the statements as lacking spontaneity, consistency, and reliability. Appellant claims that the statements were elicited by adults and therefore were not spontaneous, that they differed in key respects, and that the terminology used does not bolster the statements' reliability. Appellant cites the child victim's apparent lack of distress when the statements were made in support of this argument.

The Commonwealth argues that the trial court's decision as to the contested statements was consistent with our tender years hearsay statute, 42 Pa.C.S. § 5985.1. The Commonwealth further avers the court was reasonable in finding the statements to be spontaneous and reliable. Commonwealth's Brief at 2.

"[Q]uestions concerning the admissibility of evidence lie within the sound discretion of the trial court, and [a reviewing court] will not reverse the court's decision on such a question absent a clear abuse of discretion." **Commonwealth v. Hunzer**, 868 A.2d 498, 510 (Pa. Super. 2005) (citation omitted). This Court applies the "abuse of discretion" standard when reviewing admission of statements under the tender years exception. **Commonwealth v. Curley**, 910 A.2d 692, 697 (Pa. Super. 2006).

"Generally, an out-of-court statement is inadmissible at trial unless it falls into one of the exceptions to the hearsay rule." **Hunzer**, 868 A.2d at

510. ***See also*** Pa.R.E. 801(c)(1) (defining "hearsay" as statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement"), 803 ("Hearsay is not admissible except as provided by these rules, by other rules prescribed by the Pennsylvania Supreme Court, or by statute.").

Our tender years hearsay statute provides:

An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing any of the offenses enumerated . . . , not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:

(i) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(ii) the child either:

(A) testifies at the proceeding; or

(B) is unavailable as a witness.

42 Pa.C.S. § 5985.1(1)(i)-(ii)(A)-(B). This Court has stated:

The factors to be considered by a trial court in determining whether the child declarant was likely to be telling the truth when the statement was made include:

(1) the spontaneity and consistent repetition of the statement(s); (2) the mental state of the declarant; (3) the use of terminology unexpected of a child of similar age; and (4) the lack of motive to fabricate.

***Hunzer***, 868 A.2d at 510 (citation omitted).

Here, the trial court related that the contested statements were made by the youthful victim to another household child, his mother, his grandmother, the police, and a forensic interviewer trained in eliciting unprompted, open-ended statements about abuse from children. Trial Ct. Op. at 7-8. These disturbing statements, which described molestation in the natural argot of a young child, initially arose in spontaneous fashion during play with another household child. *Id.* at 1-2. When the suspected abuse was reported, the victim was questioned by a trained forensic interviewer. *Id.* at 2-3.

There is no dispute as to the victim's age and that Appellant's charged crimes were enumerated under the tender years statute. *See* 42 Pa.C.S. § 5985.1(1). The victim was four years old at the time he was forensically interviewed. The interview was videotaped. In it, the forensic interviewer asked appropriately open-ended questions designed to elicit the child's narrative without suggestion. For instance, she asked him to label parts of a person's body on a drawing, starting with the head and hair. Trial Ct. Op. at 3. The victim then spontaneously identified the penis on the drawing. *Id.* The victim's statements during the interview were totally consistent with his earlier spontaneous comments that disturbed his family. They established a familiarity with oral sex, fondling, and other sexual topics generally outside the imagining of such a young child. *Id.* at 3-4. The victim clearly described Appellant's penis, and identified him as the perpetrator of these acts. *Id.* at

4. This was all conveyed in an innocent fashion, almost casually, displaying the child victim's natural ignorance of the deeper import of what had happened to him.

The child victim's initial statements arose spontaneously in play, and were most comprehensively explored in a forensic interview with a trained interviewer who knows how to facilitate spontaneous statements from young witnesses and victims without using leading questions or introducing concepts outside of the child's ken. Each statement was consistent with others made by the child victim. The first factor outlined in **Hunzer** was amply established. **See Hunzer**, 868 A.2d at 510.

The child victim's mental state seemed, in each instance, to be calm and typical of such a young child when playing. The way he seemed to act out the abuse with another child in the household, combined with the almost offhand way he discussed the abusive acts both with his family and with the forensic interviewer, were consistent with the innocence that one would expect to characterize such a young person's understanding of what had happened. His statements showed no characteristics of having been coached or rehearsed.

His use of terminology was consistent with the limitations of his age, but showed a familiarity with oral sex, fondling, erections, and Appellant's penis that can lead to only one conclusion.

Finally, the child victim himself cannot be said to have had any motive to fabricate. Given the spontaneity of his statements and inappropriate play,

coaching seems out of the question, and therefore only the child victim's possible motives are relevant. Even if such a young child could develop some kind of motive to fabricate, the consistency of his statements is beyond the mental fortitude of one so young to manufacture. All four factors are satisfied here. *See Hunzer*, 868 A.2d at 510.

Because the comments in question are exactly the type that the tender years statute was intended for, the trial court correctly applied the statute and admitted the statements. *See Curley*, 910 A.2d at 697; *Hunzer*, 868 A.2d at 510. We therefore affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/20