**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

**BAER, C.J., SAYLOR, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 9 WAP 2020 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered August 29, |
| | : | 2019 at No. 976 WDA 2018 |
| v. | : | affirming the Judgment of Sentence |
| | : | of the Court of Common Pleas of |
| | : | Allegheny County entered June 11, |
| THOMAS AUGUST RABOIN, | : | 2018 at No. CP-02-CR-0009844- |
| | : | 2017. |
| Appellant | : | |
| | : | ARGUED:  December 2, 2020 |

## OPINION

**JUSTICE MUNDY**                                      **DECIDED: SEPTEMBER 7, 2021**

### I.  Introduction

In this appeal by allowance, we consider whether the Commonwealth was permitted to introduce nearly all of a child sexual assault victim's forensic interview in rebuttal pursuant to Pennsylvania Rule of Evidence 106.  *See* Pa.R.E. 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time.").  We conclude that introduction of the interview on this basis was improper and remand for the Superior Court to consider, as the trial court initially concluded, whether the interview was nonetheless admissible as

a prior consistent statement under Pa.R.A.P. 613(c).[1,2] We therefore reverse and remand to the Superior Court for further consideration.

## II. Facts and Procedural Background

In January 2011, Appellant Thomas August Raboin began dating K.B. He moved into K.B.'s home shortly thereafter, where she lived with her three minor daughters and multiple other individuals. At this time, K.B.'s eldest daughter ("the victim") was in kindergarten. Appellant moved out a few years later when the couple ended their relationship, at which point the victim was in second grade. During the victim's fourth-grade year, she disclosed to her mother that Appellant had sexually abused her while living in their home. She explained that on several occasions, Appellant summoned her into the shower and sexually assaulted her. K.B. immediately contacted the police, who arranged for a forensic interview.

---

[1] Pennsylvania Rule of Evidence 613(c) provides as follows:

> **(c) Witness's Prior Consistent Statement to Rehabilitate.**
> Evidence of a witness's prior consistent statement is admissible to rehabilitate the witness's credibility if the opposing party is given an opportunity to cross-examine the witness about the statement and the statement is offered to rebut an express or implied charge of:
>
> (1) fabrication, bias, improper influence or motive, or faulty memory and the statement was made before that which has been charged existed or arose; or
>
> (2) having made a prior inconsistent statement, which the witness has denied or explained, and the consistent statement supports the witness's denial of explanation.

Pa.R.E. 613(c).

[2] Following oral argument, Petitioner filed an Application for Post-Submission Filing Pursuant to Pa.R.A.P. 2501. We hearby grant this motion and note it was considered in reaching our decision in this matter.

The forensic interview was videotaped and observed by a detective behind a one-way mirror. During the interview, the victim recounted these instances of sexual abuse. She also explained several times that she complied with Appellant's requests because she was scared that he would hurt her, her sisters, or her mother. *See* Forensic Interview Transcript, 7/6/17, at 11, 32, 37-38. The victim also reported that Appellant was "really mean." *Id.* at 18. She also explained that Appellant would frequently "push [her] mom" and "slap her hands and push her to the ground. And I didn't tell anyone because I thought that if I did tell someone, he would try to hurt me or my mom again." *Id.* at 32.

Following this interview, the detective prepared a police report and an arrest warrant was issued. Appellant was subsequently arrested and charged with the following offenses: involuntary deviate sexual intercourse with a child, unlawful contact with a minor, indecent assault of a person less than thirteen years of age, endangering the welfare of a child, corruption of minors, and indecent exposure.

On March 9, 2018, Appellant proceeded to a jury trial. At trial, the victim testified that Appellant began sexually assaulting her in the shower sometime between kindergarten and second grade, but she could not recall the exact time period. She also stated that she got in the shower with Appellant out of fear "[b]ecause he was much taller and had once pushed [her] mother." N.T. Trial, 3/9-12/18, at 38. The victim also testified that she was afraid to tell anyone about the abuse because she believed Appellant might hurt her. *Id.* at 48. On cross-examination, Appellant's attorney attempted to draw inconsistencies between the victim's forensic interview and her trial testimony regarding when the abuse occurred and the time period in which Appellant lived in the family's home. *Id.* at 68-73, 79-80.

The Commonwealth also called as witnesses K.B. and the detective who observed the forensic interview. Both corroborated the victim's trial testimony to the extent she

relayed the same information concerning the assault when questioned by them. During cross-examination of the detective, Appellant's attorney similarly attempted to draw inconsistencies between the victim's forensic interview and the detective's trial testimony. *Id.* at 159-63. He inquired whether the victim ever mentioned during the forensic interview that Appellant would call out to the victim from the shower and ask her to come in, to which the detective replied, "I don't think so." *Id.* at 160. The detective also recalled the victim stating that the abuse took place when she was in kindergarten. Defense counsel challenged this by asking the detective whether he was certain and proceeded to confront him with the police report prepared based on the victim's forensic interview. The report stated that "a former boyfriend was in the bathroom when [the victim] was eight years old and sexually assaulted her numerous times." *Id.* at 161. The detective responded by explaining he was unsure how old children are in kindergarten, which is why he also included in the report, "See DVD for full interview." *Id.*

Appellant testified in his own defense at trial, denying the allegations. At the conclusion of Appellant's presentation of evidence, the Commonwealth requested to play the victim's forensic interview in rebuttal on the basis that it was a prior consistent statement. *See* Pa.R.E 613(c)(1). Appellant objected to the admission of the interview in its entirety. Then, following a lengthy in-chambers discussion involving specific objections to portions of the forensic interview, the trial court largely permitted its introduction, aside from several pages that the court reasoned were hearsay. The trial court's rationale for allowing introduction of the forensic interview was that it constituted a prior consistent statement and rehabilitative evidence. At the conclusion of the video, the trial court instructed the jury that "the forensic interview . . . offered by the Commonwealth [is] . . . what is known as a prior consistent statement, and as such, it is to be used by you only for the purpose of helping you to determine the credibility of [the

victim] as she testified here in court. It is not to be used by you for proof of the truth of any matter stated here in court. It is not to be used by you for proof of the truth of any matter stated in her forensic interview." N.T. Trial, 3/9-12/18, at 243.

The jury ultimately convicted Appellant of involuntary deviate sexual intercourse with a child, unlawful contact with a minor, indecent assault of a person less than thirteen years of age, endangering the welfare of a child, corruption of minors, and indecent exposure. He was sentenced to 168 to 416 months' imprisonment to be followed by five years' probation. Appellant filed post-sentence motions, which the trial court denied. He then filed a timely notice of appeal claiming, *inter alia*, that the trial court erred in admitting the victim's forensic interview as rebuttal evidence.

In its Pa.R.A.P 1925(a) opinion, the trial court explained that it deemed the forensic interview admissible as a prior consistent statement based on two cases, *Commonwealth v. Willis*, 552 A.2d 682 (Pa. Super. 1988), and *Commonwealth v. Hunzer*, 868 A.2d 498 (Pa. Super. 2005), which had since been called into question by, *inter alia*, *Commonwealth v. Bond*, 190 A.3d 664 (Pa. Super. 2018). Trial Ct. Op., 11/14/18, at 10. It reasoned, however, that this decision was harmless. *Id.* The court explained that Appellant had an opportunity to review the interview during pretrial discovery and was also afforded an opportunity to, and did in fact, cross-examine the victim at trial concerning the reasons for her delay in reporting the assaults. *Id.* at 10-11. The court maintained that admission of the interview was cumulative and harmless as a result. *Id.* at 11.

Appellant appealed to the Superior Court, claiming the trial court erred in admitting the forensic interview during the Commonwealth's rebuttal. He specifically averred the interview was inadmissible as a prior consistent statement because it did not predate the victim's initial accusations, which Appellant claimed were false. In support of this position,

Appellant relied on *Bond*, decided only two days following the trial court's imposition of sentence, to argue the forensic interview was inadmissible under Rule 613(c).

Bond was accused of sexually assaulting his girlfriend's daughter. Later that day, the child wrote a note detailing what had happened and gave it to her great aunt. The great aunt then informed the child's mother, who called the police. The child was later interviewed by a forensic interview specialist. At trial, defense counsel extensively cross-examined the victim regarding the contents of the video by going through the transcription line by line. *Id.* at 674. This prompted the prosecutor to seek admission of a thirteen-minute portion of the interview in which the victim discussed the alleged assault on the basis that it was a prior consistent statement under Rule 613(c). *Id.* Before the Superior Court, Bond claimed that the trial court erred in permitting the jury to view a child sexual assault victim's forensic interview on the basis that its contents constituted a prior consistent statement. *Id.* at 667. Bond specifically argued the interview was not a prior consistent statement, claiming the child fabricated the sexual assault allegations from the beginning. He therefore claimed admission of the victim's forensic interview would not have served any rehabilitative purpose under Rule 613(c). *Id.* at 668-69.

The *Bond* court concluded that the trial court erred by admitting the interview as a prior consistent statement because that interview did not predate the initial, allegedly fabricated accusation. *Id.* at 670. The court nonetheless deemed this error harmless, reasoning that defense counsel chose to cross-examine the victim on all pertinent parts of the interview transcript prior to the Commonwealth moving for its admission, thus admission of the actual video was cumulative and harmless. *Id.* at 673. The Superior Court further concluded that the video was admissible under Rule 106. *Id.* It explained that "[g]iven the extent to which defense counsel relied on the [video] during her cross-

examination of the victim, the prosecution was entitled to introduce [the victim's] entire account of the assault in order to provide full context." *Id.* at 674.

In the instant matter, the Superior Court affirmed in a unanimous, unpublished memorandum. *Commonwealth v. Raboin*, 976 WDA 18, 2019 WL 4072306 (August 29, 2019) (unpublished memorandum). The court recognized that in *Bond* the victim's forensic interview was deemed inadmissible as a prior consistent statement because the child's statements in the interview were not made before the alleged fabrication. *Id.* at *3 (citing *Bond*, 190 A.3d at 670). It then explained that the *Bond* court nonetheless concluded the victim's forensic interview was admissible as a remainder of a recorded statement pursuant to Rule 106. *Id.* (citing *Bond*, 190 A.3d at 673) ("Given the extent to which defense counsel relied on the [i]nterview [v]ideo during her cross-examination of the victim, the prosecution was entitled to introduce [the victim's] entire account of the assault in order to provide full context."). *Id.* at *3. The court explained that similar to *Bond*, present defense counsel thoroughly cross-examined both the victim and the assigned detective regarding the contents of the interview. *Id.* The Commonwealth was therefore permitted to admit the victim's "entire account of the assault in order to provide full context." *Id.* The Superior Court never addressed whether the victim's forensic interview was admissible as a prior consistent statement, instead relying on the alternative holding in *Bond* which found the victim's forensic interview admissible under Rule 106. *Id.* (citing *Commonwealth v. Fant*, 146 A.3d 1254, 1265 n.13 (explaining "appellate courts are not limited by the specific grounds raised by the parties or invoked by the court under review, but may affirm for any valid reason appearing of record") (citations omitted)). The Superior Court therefore affirmed Appellant's judgment of sentence.

Appellant filed a petition for allowance of appeal, which we granted to consider the following question:

> Where the Commonwealth is permitted a near blanket introduction of [the] videotaped forensic examination of a child victim in a sexual assault case, during rebuttal, and thus not contemporaneous with any limited reference to said forensic examination by the defense, where numerous unfairly prejudicial statements are contained in the forensic examination, is such appropriate under the rule of completeness set [forth] in Pa.R.E. 106?

*Commonwealth v. Raboin*, 233 A.3d 672 (Pa. 2020) (per curiam).

### III. Parties' Arguments

### a. Admission of Forensic Interview under Rule 106

To begin, Appellant focuses on the language of Rule 106, explaining it contains three requirements. Appellant's Brief at 29. A party must first introduce a writing or recorded statement. *Id.* Additionally, the portion of the writing or recorded statement introduced must create a misleading impression due to it being taken out of context. *Id.* at 29-30. Finally, the opposing party may then correct that misleading impression by introducing all or part of the writing or recorded statement contemporaneously with the proffered part. *Id.* With these requirements in mind, Appellant maintains that the Superior Court improperly relied on *Bond* to conclude the interview was admissible under Rule 106. *Id.* at 31-32.

He first avers that there was no introduction of the interview during cross-examination that would have triggered Rule 106. *Id.* at 30. He explains that unlike *Bond*, present defense counsel did not question the victim with the interview transcript line by line for impeachment purposes, but merely asked questions concerning whether she remembered telling the forensic interviewer certain information. *Id.* at 31-32. Appellant also notes that in *Bond*, the Commonwealth moved to play the interview immediately

following cross-examination. *Id.* Here, however, the Commonwealth waited until rebuttal and utilized the interview to supplement the victim's testimony. *Id.* Finally, Appellant notes that in *Bond*, the trial court permitted a limited portion of the victim's interview, as opposed to allowing nearly the entire interview in this case. *Id.*

Appellant next focuses on the contemporaneous requirement in greater detail. *Id.* at 33. He explains that Rule 106 requires a party to correct a misleading impression created by the introduction of a partial writing or recording "at the same time and not some later time" that portion is introduced. *Id.* at 33-34. This is because the entire purpose of the rule "is to correct instances of distortion caused by the introduction of a partial writing or recording that has been taken out of context." *Id.* at 34. Such can only be remedied by the timely introduction of all or part of the writing or recorded statement. *Id.*

Appellant provides support for this position by relying on *Commonwealth v. Baumhammers*, 960 A.2d 59 (Pa. 2008). Appellant's Brief at 35. Baumhammers was capitally tried, convicted, and sentenced to death for the murder of five victims. *Baumhammers*, 960 A.2d at 67. At trial, the Commonwealth introduced into evidence during the rebuttal phase of the guilt phase of trial, a recording of a telephone conversation in which Baumhammers' parents accused him of being a racist. *Id.* at 88. Later, during the penalty phase, Baumhammers sought to introduce a portion of the same telephone call where the parents expressed their opinion that Baumhammers' killing spree was due to mental illness, which the trial court denied. *Id.* On appeal to this Court, Baumhammers asserted the trial court abused its discretion by precluding this evidence under Rule 106. *Id.* This court concluded that the trial court did not err in precluding this evidence, as Baumhammers moved for its admission well after its original publication. *Id.* at 89-90. Appellant argues that the Commonwealth's introduction of the interview during

rebuttal was similarly too far removed from defense counsel's initial cross-examination of the victim. Appellant's Brief at 35-36.

Appellant next addresses the extent to which the interview was admitted on rebuttal. *Id.* at 36. He notes that in *Commonwealth v. Passmore*, 857 A.2d 697, 712 (Pa. Super. 2004), the court stated "Rule 106 does not mandate a blanket admission of all correspondence and related writings[,]" but rather its purpose is to correct a misleading impression" Appellant's Brief at 37. He claims that the trial court erred by permitting the Commonwealth to play nearly the entire interview, considering Rule 106 permits the adverse party to introduce only the portion of the writing or recording necessary to correct a misleading impression made by admission of another portion of the writing or recording. *Id.* at 38. Appellant maintains that none of the questions posed to the victim or the detective created a misperception requiring introduction of the interview in its near entirety. *Id.* He then underscores the fact that defense counsel's cross examination sought to resolve inconsistencies between the victim's trial testimony and answers given during the forensic interview and also attempted to clarify how old the victim was when she was assaulted. *Id.* at 40. Counsel thus referenced limited portions of the interview. *Id.* He further argues it was the Commonwealth's burden under Rule 106 to demonstrate any misleading impression created by this questioning required admission of other portions of the interview, which it did not. *Id.* at 41 (citing *Commonwealth v. Bryant*, 57 A.3d 191 (Pa. Super. 2012)).[3]

---

[3] The Defender Association of Philadelphia ("Defender Association") filed an amicus brief in support of Appellant. In its view, the Commonwealth failed to establish its trial-level burden that the interview was admissible under Rule 106. The Commonwealth neither explained what misleading impression was to be remedied by the admission of the video, nor did it identify which portions of the interview were necessary to correct any misleading impression. The Defender Association further asserts that even if the interview had the effect of correcting any misleading impression, the Commonwealth should not have been permitted to admit nearly the entire interview. The Defender Association further maintains

The Commonwealth alternatively argues that the interview was indeed admissible under Rule 106. Commonwealth's Brief at 14. The Commonwealth focuses on the fact that defense counsel repeatedly questioned both the victim and the detective with regard to the contents of the forensic interview. *Id.* at 14-23. Based on this extensive questioning, the Commonwealth asserts that the Superior Court correctly concluded the interview was admissible to provide its full context under Rule 106. *Id.* at 23.

The Commonwealth first rejects Appellant's contention that there was no initial introduction of the transcript on cross-examination that would trigger Rule 106. It explains that whether defense counsel actually moved the transcript into evidence is immaterial. In support of this argument, the Commonwealth relies on *Rainey v. Beech Aircraft Corp.*, 784 F.2d 1523, 1529 n.11 (11th Cir. 1986), *reinstated on reh'g en banc*, 827 F.2d 1498 (11th Cir. 1987), *rev'd on other grounds*, 488 U.S. 153 (1988). In *Rainey*, the spouses of a navy flight instructor and student who died in a plane crash brought wrongful death suits in district court. *Rainey*, 784 F.2d at 1525. The only issue disputed at trial was the cause of the crash. *Id.* One issue on appeal was whether the district court erred by restricting the testimony of John Rainey, husband of the deceased flight instructor. *Id.* at 1528. At trial, the aircraft manufacturer called Rainey as an adverse witness and questioned him concerning a letter written to a naval investigator which included statements indicating the crash was indeed due to pilot error. *Id.* During Rainey's cross-examination, however, Rainey's attorney was prohibited from asking questions referring to a different portion of the same letter in which Rainey expressed that the most probable primary cause of the crash was some kind of mechanical error. *Id.* at 1529. The Eleventh Circuit found the defendant's questions concerning Rainey's letter "tantamount to the introduction of the

that the interview contained additional information that was not elicited until rebuttal, resulting in prejudice to Appellant.

letter into evidence." *Id.* at 1529 n.11. It further held that the district court erred by prohibiting cross-examination about other portions of the letter which would have served to correct the misleading impression created by the aircraft manufacturer concerning Rainey's opinion as to the cause of the crash. *Id.* at 1529-30. Like *Rainey*, the Commonwealth contends that defense counsel's repeated references to the interview were tantamount to its introduction. Commonwealth's Brief at 27. Accordingly, Appellant "cannot credibly argue that he had not introduced the forensic interview such that Rule 106 was applicable, thereby allowing the [Commonwealth] to counter the misleading impression that he had created through cross-examination." *Id.*

The Commonwealth next focuses on Appellant's assertion that the interview was not introduced at the same time as defense counsel's cross-examination to meet the timing requirement of Rule 106. *Id.* The Commonwealth begins by noting Rule 106 read differently when *Baumhammers* was decided. *Id.* Accordingly, *Baumhammers* is no longer persuasive in discerning the parameters of Rule 106. *Id.* The Commonwealth alternatively asserts that *Baumhammers* is distinguishable because it involved essentially two different proceedings – the guilt phase and the penalty phase of a capital trial – whereas the interview in question was introduced during the same proceeding, but in rebuttal. *Id.* at 28-29.

The Commonwealth next addresses Appellant's argument that Rule 106 does not permit a blanket introduction of the writing or recording at issue and that the trial court abused its discretion by allowing the Commonwealth to play almost all of the interview for the jury. *Id.* at 31. It explains that all parties met in chambers to discuss which portions of the interview should be admitted and excluded. *Id.* A large section of the recording was excluded as a result. *Id.* at 31-32. Moreover, the Commonwealth disagrees with Appellant's reading of *Passmore*. *Id.* at 32. While *Passmore* explains that Rule 106 does

not require the blanket admission of a writing or recording, it does not preclude it either. *Id.* at 34.  The questions posed by defense counsel "clearly implied that there were things said in that interview that contradicted what had been said from the witness stand."  *Id.*  Thus, the Commonwealth was permitted to correct that misleading impression by playing the interview.  *Id.*

The Commonwealth also challenges Appellant's assertion that no misleading impression was created by defense counsel's cross-examination of the victim and the detective.  Indeed, Appellant acknowledges that one of the bases for cross-examining the victim was to clarify inconsistencies between her trial testimony and the interview.  Even so, the Commonwealth avers that defense counsel's rationale for the questions asked is immaterial because they "could have no other effect but to suggest to the jurors that [the victim's] interview called into doubt her allegations of sexual abuse against the defendant."  *Id.* at 35.

In addition to being admissible under Rule 106, the Commonwealth maintains that Appellant, through defense counsel's actions, opened the door to the introduction of the interview.  *Id.* at 36.  In support of this argument, the Commonwealth relies on *Commonwealth v. Lettau*, 986 A.2d 114 (Pa. 2009).  *Id.*  Lettau was charged with theft-related offenses and testified in his defense at trial.  *Lettau*, 986 A.2d at 115.  He indicated that he provided Trooper Fagley, the investigating officer, with all known information and had been cooperative throughout the investigation.  *Id.* at 116.  The Commonwealth called Fagley again to rebut Lettau's testimony.  *Id.*  Fagley explained that Lettau was uncooperative, refused to provide certain banking information, and refused to provide a statement.  *Id.*  Defense counsel objected and moved for a mistrial, asserting that Fagley's testimony concerning Lettau's refusal to provide a statement was an improper use of his right to remain silent.  *Id.*  The Superior Court vacated Lettau's judgment of sentence

after concluding the prosecution's use of Lettau's silence was improper. *Id.* at 117. This court reversed, explaining that this evidence "represented a fair response to a defense tactic of portraying [Lettau] as cooperative" and was admissible for impeachment purposes under the law. *Id.* at 121. Similarly, defense counsel's repeated questions concerning what she did or did not say in the forensic interview implied that she provided contrary accounts of the sexual assault in the forensic interview versus trial. Commonwealth's Brief at 37-38. The Commonwealth was therefore permitted to respond to such insinuations. *Id.* at 38.[4]

### b. Harmless Error

Appellant asserts the Commonwealth is unable to demonstrate that the near-blanket admission of the victim's forensic interview was harmless beyond a reasonable doubt under any of the categories identified by our case law. Appellant's Brief at 41 (citing *Commonwealth v. Laich*, 777 A.2d 1057, 1062-63 (Pa. 2001)). Appellant first asserts the introduction of the interview was extremely prejudicial because it painted him as a scary, mean, and physically abusive person, which likely impacted the jury's decision to convict. *Id.* at 42. He claims the prejudicial effect was overwhelming, considering this was the last

---

[4] The Pennsylvania District Attorneys Association ("PDAA") filed an amicus brief in support of the Commonwealth. It maintains that the forensic interview was admissible as a prior consistent statement under Rule 613(c) because defense counsel's cross-examination of the victim suggested she fabricated additional details of the sexual assault during trial that were not disclosed in the initial forensic interview. Thus, the instant case is distinguishable from *Bond*, where the victim was accused of fabricating sexual assault allegations in the forensic interview itself. The PDAA alternatively contends the interview was admissible under Rule 106 to combat defense counsel's implication that the victim's trial testimony was different from that contained in the forensic interview. The Support Center for Child Advocacy *et al.* also filed an amicus brief in support of the Commonwealth, agreeing that the victim's forensic interview was admissible under Rule 106. It additionally writes to stress the validity of such interviews, which are scientifically designed to elicit truthful and accurate accounts sexual assaults and protect victims from additional trauma.

evidence the jury heard before retiring to deliberations. *Id.* He next avers that the interview was not merely cumulative of other evidence introduced at trial, but included evidence introduced for the first time during rebuttal and afforded no opportunity for cross-examination. *Id.* at 43. Appellant explains that "[b]ecause these statements were heard for the first time when the video was played, they are, by definition, not cumulative and they were not supported by any facts established by existing evidence." *Id.* Lastly, Appellant maintains that admission of the video was not so insignificant compared to other properly admitted evidence that it could not have contributed to the verdict. *Id.* He argues that the evidence presented at trial never conclusively resolved whether Appellant was living at the victim's home when the sexual abuse occurred. *Id.* He also notes that several witnesses, as well as himself, testified he was never alone with the victim. Accordingly, the evidence did not overwhelmingly establish his guilt. *Id.*

The Commonwealth maintains that even if the trial court's admission of the interview was improper, this error was nonetheless harmless. Commonwealth's Brief at 38. It proceeds under the theory that the evidence admitted through the interview "was merely cumulative of other untainted evidence that was substantially similar to the erroneously admitted evidence." *Id.* at 39 (citing *Commonwealth v. Burno*, 154 A.3d 764, 787 (Pa. 2017)). The Commonwealth explains that the victim's testimony demonstrated Appellant was capable of having committed sexual abuse and that the victim was scared to report it out of fear of Appellant's actions. *Id.* at 39-40. Accordingly, the Commonwealth asserts that "any statements from the interview that suggested that he was a dangerous person to be feared really added nothing to what the jury had already heard." *Id.*

# IV. Analysis

## a. Admission of Forensic Interview under Rule 106

We generally review a trial court's decisions regarding the admissibility of evidence for an abuse of discretion. *Commonwealth v. Johnson*, 42 A.3d 1017, 1027 (Pa. 2012) ("An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such a lack of support so as to be clearly erroneous."). This case, however, requires us to examine the language of our rules of evidence, implicating a question of law for which our standard of review is de novo and our scope of review is plenary. *Commonwealth v. Brown*, 52 A.3d 1139, 1176 (Pa. 2012).

Pennsylvania Rule of Evidence 106, commonly referred to as the "rule of completeness," and its Comment provide:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time.
>
> *Comment*: The rule is identical to F.R.E. 106. A similar principle is expressed in Pa.R.C.P. No. 4020(a)(4), which states: "If only part of a deposition is offered in evidence by a party, any other party may require the offering party to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts."
>
> The purpose of Pa.R.E. 106 is to give the adverse party an opportunity to correct a misleading impression that may be created by the use of a part of a writing or recorded statement that may be taken out of context. This rule gives the adverse party the opportunity to correct the misleading impression at the time that the evidence is introduced. The trial court has discretion to decide whether other parts, or other writings or recorded statements, ought in fairness to be considered contemporaneously with the proffered part.

Pa.R.E. 106, Comment. The adverse party carries the burden of demonstrating that the remaining portion of the writing or recording is relevant. *Commonwealth v. Bryant*, 57 A.3d 191 (Pa. Super. 2012).[5]

Rule 106 first requires the introduction of a writing or recorded statement. We disagree with Appellant that Rule 106 is only triggered when the writing or recording is formally introduced as an exhibit. Introduction may occur, as it did in this case, through extensive references to a written or recorded statement during the examination of a witness or multiple witnesses.[6] Next, Rule 106 provides that the writing or recorded statement must create a misleading impression, thereby permitting the adverse party to seek admission of all or part of that or another writing or recording in order to provide context. Defense counsel's introduction of the forensic interview through extensive questioning on cross-examination created a misleading impression. While cross-examining the victim, defense counsel inquired several times whether the victim relayed certain information to the forensic interviewer. The form of these questions created an

---

[5] While the burden of demonstrating admissibility under Rule 106 is generally on the adverse party, the Commonwealth did not seek to introduce the forensic interview on this basis at trial, but rather as a prior consistent statement under Rule 613(c). The Superior Court deemed the interview admissible under Rule 106 on appeal. Accordingly, the Commonwealth did not present an argument for admitting the interview under Rule 106 at trial.

[6] Although some courts in our sister states require the formal introduction of a writing or recording under the rule of completeness, others do not. *See, e.g., State v. Cabrera-Pena*, 605 S.E.2d 522 (S.C. 2004) (finding that where state elects to use a witness to elicit portions of a conversation made by a defendant, the rule of completeness requires the defendant be permitted to inquire into the full substance of that conversation); *State v. Beynon*, 484 N.W.2d 898 (S.D. 1992) (holding that where defendant, while cross-examining police officer, introduced portion of officer's written statement describing the incident for identification purposes constituted introduction under rule of completeness); *State v. Corella*, 900 P.2d 1322 (Haw. Ct. App. 1995) (finding no difference for purposes of the rule of completeness between a writing introduced as trial exhibit and writing read into the record by counsel for purpose of determining admissibility of material "which ought in fairness to be considered contemporaneously" with the original writing).

impression that the victim's trial testimony was at odds with or contained additional information than that relayed in the forensic interview. *See* N.T. Trial, 3/9-12/18, at 68-73, 79-80. Defense counsel similarly questioned the detective about the contents of the victim's forensic interview insinuating the same. *Id.* at 159-163. These lines of questioning permitted the Commonwealth to seek admission of additional portions of the forensic interview to provide the jury with a clear picture of the victim's statement.

Rule 106 also includes temporal and fairness requirements in that the responsive evidence be introduced "at the same time" as the proffered evidence and also limited to that which should be considered in fairness. Instantly, Rule 106 does not appear to authorize the near-blanket admission of the forensic interview on rebuttal. With respect to timing, Rule 106 permits an adverse party to require the introduction of all or part of a writing or recorded statement at the time the opposing party introduces evidence. The commentary following the rule indicates the timing component is in place to "give the adverse party the opportunity to correct the misleading impression at the time that evidence is introduced." Pa.R.E. 106 Comment. By requiring that the misleading impression is corrected in a timely fashion, "the rule of completeness protects litigants from the twin pitfalls of creative excerpting and manipulative timing." 1 WHARTON'S CRIMINAL EVIDENCE § 4:10 (15th ed.). Although we do not read this to mean the simultaneous introduction of evidence, in order to have complied with Rule 106 the evidence in this case should have come in at or near the time of defense counsel's questioning of the victim or the detective. This could have occurred, for example, during defense counsel's cross-examination of the victim and detective or on re-direct.

We further recognize that Rule 106 neither precludes nor mandates the blanket introduction of all correspondence or related writings. *See* Pa.R.E. 106 Comment; *Passmore*, 857 A.2d at 712. "The word fairness in state and federal rules dealing with

the introduction of evidence pursuant to the rule of completeness usually means relevant to the admitted portions or fragments of writings or recorded statements." 1 WHARTON'S CRIMINAL EVIDENCE § 4:10 (15th ed.). Rule 106 therefore merely allows introduction of that necessary to correct the misleading impression. Instantly, the trial court permitted the Commonwealth to present all but roughly two pages of the more than forty page forensic interview transcription, although this decision was based on the understanding that the interview was a prior consistent statement. Although some of the interview served to correct the misleading impression created during defense counsel's cross-examination of the victim and detective, the vast majority of it did not. For these reasons, we conclude that the trial court erred in admitting nearly all of the victim's forensic interview pursuant to Rule 106.[7] Given these clear violations of Rule 106 and its purpose, we decline to find the trial court's error in this respect harmless.

Finally, with regard to the parties' focus on *Bond*, the Superior Court's decision in that case is not binding on this Court. The instant circumstances are also factually distinct from those present in *Bond*, particularly with respect to the temporal and fairness requirements of Rule 106. There, the Commonwealth moved for the introduction of the video following defense counsel's cross-examination of the victim, rather than waiting until a later point in the trial, such as rebuttal. *Bond*, 190 A.3d at 674. The Commonwealth also limited its request to play the interview to the thirteen minute portion during which the victim discussed the alleged assault, as opposed to a near-blanket admission. *Id.*

### V. Admission of Forensic Interview under Rule 613(c)

---

[7] We reject the Commonwealth's assertion that Appellant, through defense counsel's actions, opened the door for introduction of the forensic interview. *Lettau* stands for the proposition that the Fifth Amendment protection against self-incrimination does not prohibit the use of a defendant's silence from being used for impeachment purposes where the defendant chooses to testify at trial. *Lettau*, 986 A.2d at 117. That set of facts is not implicated in this case.

As explained previously, the trial court permitted the Commonwealth to introduce the victim's forensic interview during rebuttal on the basis that it constituted a prior consistent statement under Rule 613(c). In its Rule 1925(a) opinion, the trial court later concluded that this was improper and instead found the statement admissible as a remainder of a writing or recording under Rule 106. Appellant preserved a challenge to the admissibility under Rule 613(c) in his appeal to the Superior Court. The Superior Court, however, declined to address the admissibility of the statement under Rule 613(c), and instead relied on *Bond* to conclude it was admissible under Rule 106 irrespective of whether it was a prior consistent statement. Although we have found the forensic interview to be inadmissible under Rule 106, the question of its admissibility under Rule 613(c) remains unanswered. Because of this, we find it appropriate in this instance to remand this matter to the Superior Court to address the admissibility of the forensic interview under Rule 613(c).

## VI. Conclusion

In sum, we hold that the near-blanket admission of the forensic interview during rebuttal under Rule 106 was improper and remand this matter to the Superior Court to address its admissibility under Rule 613(c).

Chief Justice Baer and Justices Todd and Dougherty join the opinion.

Justice Donohue files a concurring and dissenting opinion in which Justices Saylor and Wecht join.

Justice Wecht files a concurring and dissenting opinion.